UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA EVERSON-EL,
a/k/a Sandra Everson,

                Petitioner,

v.                                Case No. 3:12-cv-789-J-12TEM

STATE OF FLORIDA, INC.,
et al.,

                Respondents.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, apparently an inmate of the Jacksonville pretrial detention facility,[1] submitted a handwritten document to the Court entitled "Writ of Habeas Corpus Ad Subjiciedum [sic] and Writ of Habeas Corpus 28 U.S.C. 2241/28 U.S.C. 2255" (Doc. #1) (Petition). Based on the documents submitted with the Petition, Petitioner was arrested and booked on July 1, 2012, on a state charge of aggravated battery-domestic-with a deadly weapon-no previous stalking, and was interviewed by her criminal defense counsel or a member of counsel's staff. Exhibit AX-2 and Exhibit AX-3.

It is not entirely clear what relief Petitioner Everson-El is seeking. Although she asserts this is an application for habeas

---

[1] The Petition was submitted to the Court in an envelope which is stamped "NOT CENSORED Department of Corrections, Jacksonville, FL." However, the return address on the envelope appears to be a private address.

relief pursuant to 28 U.S.C. § 2255 (along with 28 U.S.C. § 2241), this Petition is not a challenge to a federal prisoner's sentence; therefore, § 2255 is inapplicable.

To the extent Petitioner is raising a challenge to her pending criminal charge in state court, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

"In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Attorney General of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45), cert. denied, 543 U.S. 1051 (2005). Petitioner

has not shown that any of these three exceptions to the abstention doctrine apply in his case.[2]

Before a state pre-trial detainee may bring a federal habeas petition, she must first exhaust the claims by pursuing all available state court remedies. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-91 (1973). Furthermore, under principles of comity and federalism, this Court should not interfere with ongoing state court criminal proceedings. See Younger, 401 U.S. at 43-45. Indeed, although an exception to this rule applies where irreparable injury would occur, having to defend against a single criminal prosecution does not constitute irreparable injury. Id. at 45-46. Thus, this case should be dismissed.

If Petitioner appeals the dismissal of this case, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

---

[2] For example, relief may be sought in state court by filing a motion to dismiss the state charges.

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Here, after due consideration, this Court will deny a certificate of appealability.

To the extent Petitioner may be seeking relief under 42 U.S.C. § 1983, she may file a civil rights complaint in a separate case. The Clerk will be directed to provide her with a civil rights complaint form and an affidavit of indigency. It is important for courts that have a large volume of prisoner cases to have those cases presented on a civil rights complaint forms to promote judicial economy and expeditious review of the cases. If Plaintiff chooses to file a civil rights complaint in this Court to address

any alleged constitutional violations, she must submit a fully completed civil rights complaint form and she must submit a copy of the form for each Defendant for service of process. Additionally, Plaintiff has failed to submit the filing fee or an affidavit of indigency. If Plaintiff desires to proceed *in forma pauperis* in this Court, she must submit a fully completed affidavit of indigency.

Therefore, to the extent Petitioner may be attempting to present a civil rights action, this case will be dismissed without prejudice to give Petitioner the opportunity to properly file a civil rights complaint and to either pay the filing fee or submit an affidavit of indigency to the Court.

Finally, upon review, it appears that Plaintiff is attempting to institute a criminal proceeding against the Defendants. It is well-settled that whether to prosecute and what criminal charges to file are decisions that generally rest in the prosecutor's, not the Court's discretion. See United States v. Batchelder, 442 U.S. 114, 124-25 (1979); Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-80 (2d Cir. 1973). Absent a statute expressly conferring standing, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney General, 832 F.2d 141, 141 (11th Cir. 1997) (per curiam) (citation omitted). Such matters are discretionary public duties and "may not be controlled by a

writ of mandamus." Id. at 141-42 (citation omitted). Therefore, the Petition is due to be dismissed.

It is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing the Petition without prejudice and close this case.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk of Court** shall send an "Affidavit of Indigency" form, a "Prisoner Consent Form and Financial Certificate" and a civil rights complaint form to Petitioner. If Petitioner elects to pursue any civil rights claims in a separate action, she may complete and submit these forms. Petitioner should not place this

case number on the forms.  The Clerk will assign a separate case number if Petitioner elects to pursue such civil rights claims.

**DONE AND ORDERED**  25th   day of July, 2012.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 7/13
c:
Sandra Everson-El